IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
         FILED
      JUN 29 2017
      ARTHUR JOHNSTON
BY_____ DEPUTY
```

**JOHN DIXON**                                                                                          **PLAINTIFF**

VS.                                                              CAUSE NO.: 1:17cv188 LG-RHW

**CHRISTOPHER R. WALLER** and
**FEDERAL EXPRESS CORPORATION** and
**FEDEX GROUND PACKAGE SYSTEM, INC.**
and Jane and John Does 1-5 and other unknown and/or
fictitious defendants                                                                                **DEFENDANT**

**COMPLAINT**

**JURY TRIAL REQUESTED**

COMES NOW, JOHN DIXON (hereinafter "Plaintiff"), by and through counsel of record, Lott Law, PLLC, and files this Complaint against Defendant, Federal Express Corporation and FedEx Ground Package System, Inc. and Christopher R. Waller (hereinafter "FedEx" and/or "Defendants"), and in support thereof, states as follows:

**I. Parties**

1.  Plaintiff is an adult citizen of George County, Mississippi.

2.  Defendant, Federal Express Corporation, is a Delaware Corporation with its principal place of business in the State of Tennessee and Christopher R. Waller, upon information and belief, is a resident of Mississippi. This Defendant is authorized to do and at all times relevant herein was doing business in the State of Mississippi. The registered agent for this corporation is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.  Defendant, FedEx Ground Package System, Inc. is a Delaware Corporation with its

1

principal place of business in the State of Pennsylvania. This Defendant is authorized to do and at all times relevant herein was doing business in the State of Mississippi. The registered agent for this corporation is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4.      Jane and John Does 1-5 and other unknown and/or fictitious defendants, individually or corporately that operated vehicles on the roadway or acted otherwise negligently.

## II. Jurisdiction and Venue

5.      This Court has original subject matter jurisdiction under the provisions of Title 28, United States Code § 1331, in that this suit is a civil action involving the violation of the laws of the United States, including the Federal Motor Carrier Safety Regulations, 49 C.F.R parts 325, 350 and 355-399. Moreover, this Honorable Court has jurisdiction over the subject matter and Defendants in this case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant FedEx and the amount in controversy exceeds $75,000.00.

6.      Venue in this civil action is appropriate in this Honorable Court pursuant to Title 28, United States Code § 1391.

## III. Factual Allegations

7.      Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 through 6 as though fully set forth herein.

8.      On or about August 5, 2016, Plaintiff was traveling westbound on Mississippi Highway 26 in his pickup truck with a load of lumber in a trailer attached. Defendant driver, operating a 2016 Mercedes FedEx delivery van, was also traveling in front of Plaintiff westbound on Highway 26. Defendant driver proceeded to slow down and take action like he was turning right or

slowing down to move to the side of the road. Defendant driver did not have a turn indicator on. Plaintiff had a legal right to pass on the left side of the road and so he proceeded to do so. Defendant driver negligently moved into the left lane and struck the Plaintiff's vehicle on the right side, sending him and his vehicle into the woods and striking a tree, sustaining major physical injuries. Defendant driver was negligent per se as he violated the Federal Motor Carrier Safety Regulations, other Federal Statutes and laws of the State of Mississippi.

9. Defendants negligently operated/owned a commercial motor vehicle which collided with Plaintiff in the vehicle in which he was riding and/or operating. Defendant Federal Express Corporation and FedEx Ground Package System, Inc. is liable to Plaintiff for the negligent conduct, acts and omissions of its employee, Christopher R. Waller, under the doctrine of *respondeat superior*.

10. As a proximate cause of the negligence and gross negligence of Defendants, Plaintiff suffered personal injuries. Plaintiff further suffered disabling injuries which have resulted in physical impairment. Plaintiff has been forced to undergo medical treatments and surgeries to correct the injuries sustained in the accident. Plaintiff has incurred medical bills and expenses. Plaintiff may incur medical bills and expenses in the future. Plaintiff has suffered severe pain and mental anguish related to the injuries he sustained. Plaintiff, in the future, may suffer severe pain and mental anguish related to the injuries sustained. Plaintiff, in addition, has suffered a loss of income from his employment and may incur lost wages in the future.

### IV. Causes of Action and Damages

11. Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 through 10 as though fully set forth herein.

12. The Plaintiff asserts the followings claim for negligence and gross negligence against the Defendants as a result of the underlying subject accident: the Defendants' agent and/or employee failed to exercise due care and caution under the circumstances existing prior to and at the time of the accident; by committing other acts of negligence and gross negligence which shall be shown at trial. By the act and omissions as enumerated above, the Defendants breached each of these duties, was negligent, and caused these injuries.

13. That the Defendants are liable to the Plaintiff for damages that are the proximate result of the Defendants' negligent conduct.

14. As a direct and proximate result of the Defendants' negligent acts as set forth herein above, the Plaintiff suffered injuries and damages.

15. As a direct and proximate result of the Defendants' tortuous and negligent acts as stated above, the Plaintiff suffered the following injuries and damages:

   a. Past, present and future pain and suffering;

   b. Past, present and future emotional distress;

   c. Past, present and future loss of enjoyment of life;

   d. Past, present and future mental anguish;

   e. Hospital bills, doctor bills, prescription bills and other medical related expenses which have been incurred and which will continue to be incurred in the future;

   f. Short and long-term care expenses which have been incurred in the past

   g. and will be incurred in the future;

   h. Temporary and permanent physical impairment and disability; and

   i. Other damages to be shown at the trial of this cause.

16. On the date of the accident, the Plaintiff sustained serious personal injuries. Defendants were negligent at that time and place aforesaid, which negligence and gross negligence was the proximate cause of Plaintiff' accident and injuries.

17. As a result of the negligence and gross negligence of Defendants, as aforesaid, the Plaintiff sustained serious, painful and permanent injuries for which they are entitled to recover damages.

18. That Plaintiff would show that the aforesaid negligence and gross negligence of Defendants proximately caused the accident and injuries of the Plaintiff. The Plaintiff would further show that as a direct and proximate result of the negligence and gross negligence of Defendants, the Plaintiff were caused to suffer severe and extreme physical pain and discomfort, both past and future; past and future medical bills, genuine mental and emotional pain and suffering; permanent and disabling injuries, loss of enjoyment of life pleasures; and other damages and injuries that may develop during the course of this suit.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff seeks and demands judgment against the Defendants (including all fictitious defendants and unknown defendants whose names are presently unknown but will be substituted by amendment when ascertained), individually and severally, for all damages permissible under State and Federal law, including compensatory damages and actual damages, prejudgment and post judgment interest, cost of this action, and reasonable attorneys' fees for negligence and gross negligence committed by Defendants and other person, persons, corporation or other legal entity that owned, operated, loaned, leased or otherwise controlled the vehicle operated by Defendants on the date of the accident in addition to the person, persons, corporations or other legal entities that inspected, repaired, maintained,

serviced and/or who undertook to repair, maintain compliance, hiring, quality control, inspect, maintain and/or service the vehicle in question. Furthermore, the Plaintiff seeks and demands judgment against the Defendants for punitive damages in an amount to be determined by a Jury, sufficient to punish the Defendants for similar wrongful conduct and to deter other similarly situated Defendants from engaging in like conduct.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant as outlined above in the amount not less than $500,000.00, in addition to reasonable attorney's fees, court costs, pre- and post-judgment interest, and expenses associated with commencement and prosecution of this action.

This the 29th day of June, 2017.

JOHN DIXON

/s/ Matthew S. Lott
Matthew S. Lott (MSB #100783)
The Lott Law Firm
3318 Pascagoula St.
P.O. Box 1708
Pascagoula, MS 39568
Ph. 228-215-2787
matt@mattlottlaw.com